FILED
2013 May-10  PM 02:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **BENJAMIN WATTS,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-12-S-0215-E** |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Benjamin Watts commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability and disability insurance benefits.  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the opinion of his treating physician, improperly evaluated his subjective complaints of pain, and improperly assessed his credibility. Upon consideration, the court concludes those that the claimant's arguments are without merit, and the decision of the Commissioner is due to be affirmed.

## A.    Treating Physician

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e). Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether

it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors.  *See* 20 C.F.R. § 404.1527(d).  *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. John Payne, claimant's treating orthopedic doctor, made the following statement in his clinical notes on October 12, 2009:

> I feel this patient is disabled and unable to work.  It is possible that after his spinal fusion [which was scheduled for November 2009] and release from 6 months to a year, it may be at that time he could do some light activities if his surgery was successful.  I think he is permanently disabled from any type of *heavy physical lifting, straining, pushing, or pulling*.  Even if his back surgery is successful, he will be unable to do *physical work*.[1]

Dr. Payne made identical statements in a letter regarding claimant's impairments on October 12, 2009.[2]  The ALJ did not explicitly state how much weight he afforded either of Dr. Payne's assessments, but it is clear from the following statements that

---

[1] Tr. 190 (emphasis and alteration supplied).

[2] Tr. 289-90.

3

the ALJ did not credit them:

> Dr. John Payne's opinion that the claimant is disabled secondary to his back condition and pain (Exhibits 3F and 7F) is inconsistent with, and unsupported by, the great weight of the evidence.  Moreover, such opinion is an administrative finding solely reserved to the Commissioner of the Social Security Administration.  SSR 96-5p, 96-6p.  Most notably, Dr. Payne's opinion as to disability is notably inconsistent with his own charted clinical symptomalogy, which clearly indicate[s] post-operative progress (excellent position of fusion, normal alignment, hardware intact, strength intact — patient reports walking 1-2 miles a day), and inconsistent with the charted clinical signs and symptoms noted by other treating sources.  Essentially, Dr. Payne's opinion is a recantation of the claimant's subjective complaints and not supported by the objective, clinical or diagnostic evidence.  In addition, Dr. Payne's opinion is based [on] subjective complaints and claimant's subjective complaints are not support[ed] by his ADL reports, his own testimony, or the clinical findings or functional assessments of treating, examining or reviewing sources.  Finally, the claimant admits at hearing that he has received no follow-up medical intervention for his back-related issues since January 2010.[3]

These conclusions were supported by substantial evidence of record as it existed at the time of the ALJ's decision, especially considering that the ALJ was evaluating Dr. Payne's statements as of October 12, 2009, *before* claimant's final back surgery in November 2009.

Claimant also asserts that Dr. Payne's opinions are further supported by an additional letter submitted for the first time to the Appeals Council on May 11, 2011, *after* the ALJ rendered his administrative decision.

When a claimant submits new evidence to the [Appeals Council

---

[3] Tr. 25 (alterations supplied).

4

("AC")], the district court must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous. *Ingram,* 496 F.3d at 1262. Remand is appropriate when a district court fails to consider the record as a whole, including evidence submitted for the first time to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

*Smith v. Astrue,* 272 F. App'x 789, 802 (11th Cir. 2008) (alteration supplied).

In Dr. Payne's May 11, 2011 letter, he stated that claimant's present status, *after* his final back surgery, was

> rather continuous back pain even though some days are worse than others. He has back pain with radicular hip and leg symptoms. He has a permanent foot drop on the right side with weakness in that right leg.
>
> The foot drop is somewhat better than it was initially but he still drags his right foot. His status has not changed in the last year. On some days he has difficulty getting out of bed. On good days, he might be able to do mild activities.
>
> As far as activities at home, his wife has to do most of the lifting and work around their farm. His overall status is down minimal. He can not do any heavy lifting, straining, pushing or pulling. The overall status for these activities are the same. He can sit for 30 minutes maximum. He can walk for 30 minutes at a time. He walks with a limp due to the foot drop. As before, some days he has to walk bent over.
>
> Patient states that he feels his overall status as far as having to be in bed, is about the same as it was last year. Patient stays in the bed about half the day and some days he can stay in bed most of the day. On good days he can be up most of the day.[4]

---

[4] Tr. 372-73.

Dr. Payne's clinical examination revealed a positive straight leg raising test for back pain. Claimant had decreased sensation in the undersurface of his right foot, and he could not heel-toe walk. He could push down and get up on his tip-toes fairly well, but he could not walk that way. He had pain on forward bending and an abnormal spinal rhythm. Dr. Payne assessed longstanding lumbar disc disease, lumbar spondylosis and spine fusion, residual back pain with hip and leg symptoms and a foot drop on the right side, restless syndrome, migraine headaches, and mild depression related to chronic pain. His prognosis was as follows:

> [Claimant's] overall status has not changed in the last year. Patient continues to be disabled and unable to work. He's had a spinal fusion within the last two years but that has not returned him to any greater activity than he had one year ago. He is taking a little less pain medicine than he did a year ago. I think he is permanently disabled from any type of heavy physical lifting, straining, pushing or pulling. I would consider him to be not eligible for rehab for physical work at this time.[5]

Dr. Payne also completed a "Non-Exertional Factors Affecting Your Patient" form.[6] He indicated that claimant had chronic and continuous pain as a result of his medical condition. He characterized the pain as moderately severe, meaning that it could be tolerated but would cause marked handicap in performance of the activity precipitating the pain. On some days, the pain would be severe, meaning that it

---

[5] Tr. 374.

[6] The date on the form is May 11, 2010 (*see* Tr. 376), but the court assumes that is in error and the true date is May 11, 2011, the same date on which Dr. Payne wrote the second letter regarding the status of claimant's symptoms. There is no indication that claimant ever saw Dr. Payne in May of 2010.

would preclude the activity precipitating the pain.  Objective signs of the pain included spinal deformity, x-ray, and muscle spasm.  Claimant would need to frequently lie down in order to relieve the pain, and he would experience symptoms such as sedation, constipation, and upset stomach as a result of his pain medications. As a result of claimant's medical condition, pain, and medication side effects, he likely would have to miss two or more days of work each month.  In fact, Dr. Payne stated that claimant was "disabled and unable to work."[7]

Even considering these updated records from Dr. Payne, there would be no reason to change the ALJ's decision.  That is because, even if Dr. Payne's updated records had been in the record at the time of the ALJ's decision and the ALJ had discredited them, the ALJ's decision still would have been supported by substantial evidence.  Dr. Payne's assessment of disabling limitations in May of 2011 was inconsistent with his own treatment records during that same time period.  On December 2, 2009, just three weeks after plaintiff's final back surgery by another physician, Dr. Thomas Wilson, Dr. Payne stated that he was doing well and seemed to be improving every day.[8]  Dr. Payne's records from January and February of 2010 address only a separate problem claimant had with his elbow, and do not mention his

---

[7] Tr. 375.
[8] Tr. 379.

back pain.[9]  Records from November 3, 2010 mention that claimant had had multiple surgeries for lumbar disc disease, but the treatment he sought that day from Dr. Payne was for his left wrist, not his back or any complications from his back surgeries.[10] Plaintiff again complained to Dr. Payne of pain in his left wrist on March 10, 2011. Dr. Payne stated that claimant "works pretty heavy work on his farm.  He has back disability and nerve damage in the right leg but he still does a lot with his hands and is able to function and do a lot of his farming duties."  Claimant was treated for "a little bit of tenderness and swelling" in his wrist and elbow.[11]  These records indicate that claimant has a history of back pain, and they might support a finding of inability to do heavy labor, but they do not indicate totally disabling limitations as a result of that pain.

Dr. Wilson's treatment records also do not support Dr. Payne's assessment of severe, completely disabling pain.  On November 24, 2009, three weeks after claimant's final back surgery, a lumbar fusion, Dr. Wilson stated that claimant was "doing extremely well," had been walking over two miles a day, and had been tapering down his pain medication.  His incision was healing nicely, and while there was diminished range of motion in the lumbar spine, claimant's muscle strength was

---

[9] Tr. 378-79.

[10] Tr. 377.

[11] *Id.*

8

grossly intact, and his gait was steady.  Dr. Wilson was "very pleased" with claimant's clinical progress.[12]  On January 21, 2010, three months after the surgery, claimant reported that his back was "much better," although he did experience persistent right calf and gluteal pain  He was walking one to two miles a day.  On examination, claimant demonstrated diminished range of motion of the lumbar spine, but the straight leg raise test was negative, and he had intact strength and slow but steady gait.  Studies showed "excellent position of construct with a lot of healthy bone in his interspace."  Dr. Wilson was pleased with claimant's progress.  He prescribed Lortab and advised claimant to return in three months.[13]  While these records do indicate some residual back pain and radiating pain to his calf and gluteals, they generally reflect good progress and only moderate clinical findings.

In summary, the ALJ's decision not to give controlling weight to Dr. Payne's statements that claimant was disabled was supported by substantial evidence and in accordance with applicable law, and the additional records submitted to the Appeals Council did not provide a basis for changing the ALJ's decision.

## B.  Pain and Credibility

Claimant also asserts that the ALJ improperly considered his subjective complaints of pain and improperly evaluated his credibility.  To demonstrate that pain

---

[12] Tr. 202.
[13] Tr. 188.

or another subjective symptom renders him disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)). Furthermore, once an ALJ determines whether the pain standard has been met, he can move forward to consider whether claimant's complaints are credible in light of the substantial evidence of record. *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied). In making the credibility determination, the ALJ should consider such factors as:  the objective medical evidence; other statements by medical providers; work history; other people's observations; daily activities; location, duration, frequency, and intensity of the alleged symptoms;

precipitating and aggravating factors; type, dosage, effectiveness, and side effects of any medication taken to alleviate symptoms; treatment other than medication; other measures used to relieve the symptoms; and other factors.   20 C.F.R. § 404.1529(c)(3).

Here, the ALJ found that claimant's medically determinable impairments could reasonably be expected to cause the symptoms he alleged, but he nonetheless determined that claimant's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they were inconsistent with a residual functional capacity to perform light work with certain non-exertional restrictions.[14]   In so finding, the ALJ considered the medical evidence of record, focusing primarily on the records of Drs. Payne and Wilson.   The court already has determined that the ALJ's decision to discredit Dr. Payne's statements that claimant experienced disabling limitations was supported by substantial evidence and in accordance with applicable legal standards.   Thus, the ALJ was entitled to rely upon the clinical records from Drs. Payne and Wilson, which do not reflect disabling limitations, in evaluating claimant's credibility.   The ALJ also relied upon the fact that, at the time of the administrative decision, claimant had not sought follow-up treatment with Dr. Payne or Dr. Wilson since January of 2010.   Claimant testified during that he had not been back to either of those doctors because he did not think

---

[14] Tr. 24.

11

there was any more they could do for him.  The court does not question that claimant

may have subjectively believed that returning to his doctors would be futile, but there

is no medical evidence to support claimant's belief.  Neither of claimant's treating

physicians ever advised him that they could offer no further treatment for his pain.

Thus, there is no reason why the ALJ should not have relied upon claimant's failure

to seek further medical treatment in evaluating claimant's credibility.  Finally, the

ALJ considered claimant's own testimony that his average pain level was 4 to 5 out

of 10, which is only moderate in severity.  Although claimant also testified that

activity sometimes would increase his pain level to a 7, that was only if he stood on

his feet all day, overdid it, or bent over and picked up something the wrong way.[15]

He could pick up at least a gallon of milk, and possibly up to 30 pounds, without any

problems.  He could stand for two to two and a half hours, walk at least a mile, and

sit for an hour before he experienced severe pain.[16]  That testimony supports the

ALJ's credibility finding.

## C.    Conclusion and Order

In accordance with the foregoing, the court finds that the decision of the

Commissioner was in accordance with applicable law and supported by substantial

evidence.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are

---

[15] Tr. 66.

[16] Tr. 66-68.

taxed against claimant.  The Clerk is directed to close this file.

DONE this 10th day of May, 2013.

_____
United States District Judge